**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAL DIVE INTERNATIONAL, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-05-4025** |
| | § | |
| **NEW HAMPSHIRE INSURANCE CO.,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM AND ORDER**</u>

This case, in which Plaintiff seeks insurance coverage from Defendant to compensate for a default judgment entered against Plaintiff in another case, was originally filed in Texas state court. Defendant removed to this Court on November 22, 2005. Plaintiff now moves for a jury trial, pursuant to FED. R. CIV. P. 39(b), claiming that its failure to request a jury within ten days of service of the notice of removal was the result of mere inadvertence and that, because this case was recently filed and discovery has barely begun, Defendant will not be prejudiced by the grant of a jury trial. Defendant disagrees, arguing that a jury trial will impose unnecessary costs and delays upon both the parties and the Court.

In its response to Plaintiff's motion, Defendant makes much of a Fifth Circuit opinion holding that the denial of a Rule 39(b) motion is not an abuse of discretion. (*See* Def.'s Resp. to Pl.'s Mot. for Jury Trial at 2-4 (quoting *Farias v. Bexar County Bd. Of Trs.*, 925 F.2d 866, 873 n.6 (5th Cir. 1991) ("*Farias*'s delay cost him a jury[,] and the narrow discretion of the district judge was not abused in this instance.")).) The fact that the Court *may* reach a certain conclusion is not, however, dispositive of the question

whether the Court *should* do so.  In fact, as the *Farias* court itself noted, "the general principle [is] that a court should grant a jury trial in the absence of *strong and compelling* reasons to the contrary."  *Farias*, 925 F.2d at 873 (emphasis added; internal quotation marks omitted).

Defendant also contends that a proper application of the Fifth Circuit's five-factor test for evaluating Rule 39(b) motions demonstrates the inappropriateness of a jury trial in this matter.  In deciding a Rule 29(b) motion, the Court considers:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061,  (5th Cir. 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), *cert. denied*, 464 U.S. 936 (1983)).

According to Defendant:

> (1) this case is not fact-intensive and therefore is best tried to the Court;
> (2) a jury trial will disrupt both the Court's and Defendant's schedules, because it will be more time-consuming than a bench trial;
> (3) a grant of jury trial will prejudice Defendant, which has prepared its defense in the expectation of a bench trial;
> (4) Plaintiff's three-month delay in requesting a jury trial was unreasonable; and
> (5) Plaintiff has offered no reason for its tardiness in requesting a jury trial.

(Def.'s Resp. to Pl.'s Mot. for Jury Trial at 3-4.)

After considering each of Defendant's arguments, the Court finds that they do not, individually or collectively, justify a denial of the motion for a jury trial.  While it is true that a jury trial may be lengthier than a bench trial and that a case involving few disputed

facts presents less compelling reasons for a jury trial, the general principle is, nonetheless, that even such a case should be tried to a jury. *See Farias*, 925 F.2d at 873. Moreover, it is unlikely that Defendant has yet engaged in extensive preparation of its case, given that this suit was removed only in November, the scheduling order is not yet one month old, and the discovery deadline is still seven months away.  Under these circumstances, despite Plaintiff's unexplained three-month delay, the Court finds that a jury trial is appropriate.  Accordingly, Plaintiff's motion is hereby **GRANTED**.

       **IT IS SO ORDERED**.

       **SIGNED** at Houston, Texas, on this the 14th day of March, 2006.


_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES**
**THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY**
**OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH**
**THEY MAY HAVE BEEN SENT ONE BY THE COURT.**