UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAL DIVE INTERNATIONAL, INC., § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. H-05-4025 |
| NEW HAMPSHIRE INSURANCE § | |
| COMPANY, § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant New Hampshire Insurance Company's Motion for Summary Judgment, Docket No. 18. After considering the parties' filings and the applicable law, the Court finds that the motion should be and hereby is **GRANTED.**

### I.   BACKGROUND

This case arises from a dispute over whether Defendant New Hampshire Insurance Company was obligated to defend and indemnify Plaintiff Cal Dive International for a third-party personal injury claim, when Plaintiff did not notify Defendant of the claim until after a default judgment had been entered.

Plaintiff Cal Dive, a Minnesota corporation with its principal place of business in Houston, Texas, provides offshore construction services to the energy industry. Defendant New Hampshire Insurance Company ("NHIC") provided excess insurance to Cal Dive under a Commercial Umbrella Policy, covering Cal Dive beyond the limits of its underlying primary policy with Clarendon America Insurance Company. The Clarendon policy afforded Cal-Dive $950,000 of coverage on top of a $50,000 deductible.

1

In September 2000, one of Cal-Dive's employees experienced decompression sickness while diving on the job, resulting in a hand injury. The employee made a claim against Cal Dive, which Cal Dive reported to Clarendon. Clarendon investigated the claim. Several months later, the employee retained counsel and sent a demand letter to Cal Dive for over $2.1 million. No resolution was reached, and the employee filed suit in Louisiana state court in September 2001. Cal Dive acknowledges that the suit papers were served, but claims that they were somehow misplaced. As a result, Cal Dive failed to answer or otherwise appear in the suit. On November 6, 2001, a preliminary default judgment was entered against Cal Dive. On December 7, 2001, the default judgment was confirmed, awarding the plaintiff employee $2,274,403. The award included special damages for past lost wages, past medical expenses, past and future lost employer-paid fringe benefits, and future lost wages, as well as general damages for physical and mental pain and suffering and loss of enjoyment of life.

In January 2002, before the default had become final, Cal Dive informed NHIC of the judgment. The parties agree that NHIC had no previous notice of the underlying occurrence, the suit, or the judgment. NHIC denied coverage for the employee's claim, stating that the notice was untimely.[1]

Cal Dive retained counsel and filed a motion for a new trial. The trial court denied the motion, and Cal Dive appealed. The Louisiana appellate court reversed and remanded for a new trial on future lost wages and past and future lost fringe benefits, but affirmed the original judgment as to the remaining special and general damages. *Oliver*

---

[1] Under Section VI.F. of the NHIC umbrella policy, the insured "must see to it that we are notified as soon as practicable of an **Occurrence** which may result in a claim under this policy . . . If a claim is made or suit is brought against any **Insured** that is reasonably likely to involve this policy you must notify us in writing as soon as practicable." Def.'s Mot. Summ. J., Ex. A.

*v. Cal Dive Int'l, Inc.*, 844 So.2d 942 (La. App. 2003). Cal Dive paid $840,000 to satisfy the affirmed portion of the judgment and settled with Clarendon. According to Cal Dive, the judgment and defense costs to that point exhausted the underlying primary policy.

Cal Dive undertook defense of the remanded portion of the suit. NHIC continued to deny coverage, and did not participate in ultimately unsuccessful mediation efforts. After a jury trial in August 2005, the plaintiff employee received a second award of $880,000, exclusive of interest. Cal Dive eventually satisfied the judgment by paying $975,000.

The instant case was removed to this Court in November 2005. The Complaint alleges that NHIC's failure to defend and indemnify Cal Dive constituted a breach of its contractual obligations under the umbrella policy. Cal Dive seeks to recover the $975,000 it paid to satisfy the second judgment, and attorney's fees incurred during the present litigation.[2] Defendant moves for summary judgment, maintaining that the untimely notice relieves it of the duty to provide coverage. Plaintiff argues that Defendant was not prejudiced by the late notice, and therefore cannot escape its obligations under the insurance policy.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a

---

[2] The Complaint also lists attorney's fees for the remanded action among the damages claimed by Plaintiff. However, Cal Dive's response to Defendant's summary judgment motion states that "the costs of challenging the default judgment should not be counted against the underlying limits. Cal Dive will exclude those costs in the calculation of its damages against New Hampshire." Pl.'s Resp. 10. Presumably, then, Cal Dive no longer seeks to recover the fees and costs incurred in association with the motion for a new trial or with the remanded action.

matter of law based on the evidence thus far presented.  FED. R. CIV. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id.*

**B. Analysis**

The parties agree that Cal Dive did not timely notify NHIC of the original suit.  However, under Texas law, late notice does not relieve an insurer from liability for an underlying judgment unless the insurer has been prejudiced by the lack of notice.[3]  *E.g.*, *Ridglea Estate Condo. Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 480 (5th Cir. 2005); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 175 (Tex. 1995).  The question before the Court, then, is whether NHIC was prejudiced by the circumstances of the instant case, in which the insurer learned of the underlying suit after a default judgment had been entered but before it became final, and where a portion of the judgment was remanded for a new trial.  For the following reasons, the Court finds that Defendant was prejudiced as a matter of law.

It is clear in Texas that an insurer is prejudiced as a matter of law when it receives notice of a suit only after a default judgment has been entered, and has become final and

---

[3] The parties also agree that Texas law applies in the instant case, as the NHIC umbrella policy was issued and delivered in Texas, and Cal Dive has its principal place of business in Texas.  TEX. INS. CODE ANN. § 21.42 (Vernon 2006).

4

unappealable.  *See Harwell*, 896 S.W.2d at 174; *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 166 (Tex. 1993); *Ratcliff v. Nat'l County Mut. Fire Ins.*, 735 S.W.2d 955, 958-59 (Tex. App. 1987).  It has also become well settled in Texas appellate courts, however, that an insurer is prejudiced by entry of a default judgment even if that judgment may still be appealed.  In *Kimble v. Aetna Cas. & Sur. Co.*, 767 S.W.2d 846 (Tex. App. 1989), the insurer received notice of an underlying suit after a default judgment had been entered, but before the judgment became final.  The court rejected the proposition that an insurer can remove any prejudice caused by a default judgment simply by moving to have the judgment set aside, essentially extending the *Ratcliff* holding to non-final default judgments.  *Id.* at 850.  The *Kimble* court further opined that the insurer would be prejudiced by the prohibitive standard for granting new trials, noting that "the burden is upon the movant for a new trial to meet a fairly rigorous standard before such a movant is entitled to a new trial.  It seems clear that appellee, by virtue of the default judgment, has been substantially prejudiced by that change in position." *Id.* at 851.

Numerous Texas courts have followed or affirmatively cited the *Kimble* holding. *E.g.*, *Coastal Ref. & Mktg., Inc. v. United States Fid. & Guar. Co.*, No. 14-04-00651-CV, 2006 WL 1459869, at *7 n.3 (Tex. App. May 30, 2006) (noting that "*Kimble* . . . is instructive on why the entry of a default judgment generally leads to the presumption that an insurer has been prejudiced as a matter of law."); *Filley v. Ohio Cas. Ins. Co.*, 805 S.W.2d 844, 847 (Tex. App. 1991) (citing *Kimble* approvingly); *Members Ins. Co. v. Branscum*, 803 S.W.2d 462 (Tex. App. 1991) (merging the *Kimble* and *Ratcliff* holdings in finding that Plaintiff was prejudiced by receiving notice after a default judgment); *see*

*also St. Paul Guardian Ins. Co. v. Centrum G.S. Ltd.*, 383 F. Supp. 2d 891, 902-03 (N.D. Tex. 2003) (explaining that "courts that have addressed the issue have been quite specific and definitive in holding that prejudice occurs under the following circumstances: (1) when the insurer, without notice or actual knowledge of suit, receives notice after entry of default judgment against the insured . . . Under such circumstances, Texas courts will hold that prejudice exists, and that the insurer has no duty to defend or indemnify its insured."). Finally, although the Texas Supreme Court has never explicitly adopted *Kimble*, it has cited to the case approvingly in finding that a final default judgment is prejudicial as a matter of law. *Liberty Mut.*, 883 S.W.2d at 166 n.4.[4]

      The *Kimble* rationale clearly applies to the instant case. Even though an appeal was still possible when NHIC learned of the underlying suit, NHIC was just as prejudiced by the forbidding standard for new trials as the insurer in *Kimble*. Indeed, the trial court denied new proceedings, forcing Cal Dive to appeal.

      On appeal, NHIC was prejudiced by the standards of review for special and general damages. In Louisiana, the findings of a trier of fact with respect to special damages "are subject to the manifest error standard of review." *E.g.*, *Levy v. Bayou Indus. Maint. Servs., Inc.*, 855 So.2d 968, 973 (La. App. 2003) (citations omitted). The court considering Cal Dive's appeal applied the requisite stringent standard of review, granting a new trial on only the two most speculative portions of the special damages award (for future lost wages and past and future lost fringe benefits), and finding that

---

[4] Further, it appears that the Texas courts following *Kimble* not only consider a default judgment to be prejudicial to an insurer, but consider it to be prejudicial *as a matter of law*. *E.g.*, *Coastal Ref.*, 2006 WL 1459869 at n.3 ("Because the 'potential' cure did not outweigh the 'actual' prejudice, prejudice was presumed [in *Kimble*] as a matter of law."). Therefore, Plaintiff's assertion that prejudice to an insurer is generally a question of fact does not apply in the instant circumstances, and summary judgment is appropriate.

6

"[i]n all other respects, the trial court's award of special damages, *i.e.*, past lost wages and medical expenses, is not an *abuse of discretion.*" *Oliver*, 844 So.2d at 946 (emphasis added). As to general damages, the reviewing court wrote that "[i]t is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury, to the particular plaintiff, under the particular circumstances, that the appellate court should increase or reduce the award." *Id.* at 947 (citing *Youn v. Mar. Overseas Corp.*, 623 So.2d 1257, 1261 (La. 1993)). Adhering to that standard, the appeals court affirmed the entirety of the general damages award.

It is true that in this case, part of the original judgment was remanded to the trial court for new proceedings. However, the potential for a partial remedy upon remand did not wholly cure the prejudice caused by the default. Only part of the damages award was returned to the trial court; the remainder was affirmed. Plaintiff suggests that the affirmed portion of the judgment did not prejudice NHIC because it was covered by the underlying primary policy. In the Court's view, it is self-evident that the affirmed judgment eroded the primary policy, prejudicially increasing NHIC's exposure and potential liability. Additionally, any arguments that could have been made regarding liability for the original injury were irretrievably lost, even on remand; as the *Coastal Refining* court wrote, "[p]rior to the judgment, the insurer could escape liability on a covered claim if the plaintiff failed to meet its burden of proof. After entry of the default judgment, the insurer could no longer defend against the underlying claims unless it first met a new burden of proof." *Coastal Ref.*, 2006 WL 1459869 at n.3. Furthermore, it does not appear that NHIC was included in the settlement discussions with Clarendon

7

regarding the affirmed damages, which clearly affected NHIC's exposure and potential liability.

For these reasons, the Court finds that Defendant was prejudiced as a matter of law by the untimely notice provided by Plaintiff. Therefore, Defendant is entitled to summary judgment on Plaintiff's claims.

### III.   CONCLUSION

Defendant's Motion for Summary Judgment is **GRANTED.** Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 2nd day of January, 2007.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**